UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie and Paul Quale,

   Plaintiffs,

v.                Civil No. 13-621 (JNE/AJB)
                  ORDER

Aurora Loan Services, LLC;
Mortgage Electronic Registration
System, Inc.; Wilford, Geske &
Cook P.A.; and also all other
persons, unknown claiming any
right, title, estate, interest, or lien
in the real estate described in the
complaint herein,

   Defendants.

---

William B. Butler, Butler Liberty Law, LLC, appeared for Plaintiffs Julie and Paul Quale.

Jared D. Kemper, Dykema Gossett, PLLC, appeared for Defendants Aurora Loan Services, LLC, and Mortgage Electronic Registration System, Inc.

Michael R. Sauer, Wilford & Geske, PA, appeared for Defendant Wilford, Geske & Cook P.A.

---

  Asserting numerous deficiencies in the assignment and foreclosure of a mortgage, Julie and Paul Quale brought this action in state court against Aurora Loan Services, LLC ("Aurora"); Mortgage Electronic Registration System, Inc. ("MERS"); and Wilford, Geske & Cook P.A. ("WGC"). The Complaint contained four counts: (1) quiet title, (2) declaratory relief, (3) negligence per se, and (4) slander of title. After removing the action, Defendants moved to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Defendants' motions to dismiss.

  In ruling on a motion under Rule 12(b)(6), a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*,

1

557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

According to the Quales, to state a quiet title claim, they need only allege their possession of real property and a defendant's claim of an adverse interest. The Court rejects this argument. *See, e.g.*, *Vang v. PNC Mortg., Inc.*, No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013) (unpublished per curiam); *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1257 (8th Cir. 2013); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013), *petition for cert. filed*, 81 U.S.L.W. 3670 (U.S. Apr. 29, 2013) (No. 12-1303). To the extent the Quales based their claims on the assertions that Defendants had no legal right to declare a default and that Defendants cannot prove a default in accordance with Article 3 of the Uniform Commercial Code, the Court rejects the claims because they are based on the discredited show-me-the-note theory. *See Kraus v. CitiMortgage, Inc.*, No. 12-2364, 2013 WL 2462111, at *1 (8th Cir. June 10, 2013) (unpublished per curiam); *Ebbighausen v. JP Morgan Chase Bank, N.A.*, Civil No. 10-3120 (JRT/LIB), 2013 WL 53836, at *8 (D. Minn. Jan. 3, 2013), *appeal docketed*, No. 13-1266 (8th Cir. Feb. 5, 2013). Insofar as the Quales based their claims on the allegations that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge, and even if they did have standing, their claims are fatally implausible and speculative. *See Karnatcheva*, 704 F.3d at 547-48; *Forseth v. Bank of America, N.A.*, Civil No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D.

Minn. May 24, 2013); *Sovis v. Bank of N.Y. Mellon*, Civil No. 11-2253 (DWF/LIB), 2012 WL 733758, at *5 (D. Minn. Mar. 6, 2012); *Gerlich v. Countrywide Home Loans*, Civil No. 10-4520, 2011 WL 3920235 (DWF/LIB), at *2-3 (D. Minn. Sept. 7, 2011); *see Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) (explaining difference between Article III standing and statutory standing).

The Court also rejects the Quales' negligence per se claim against WGC, because mere negligence is not sufficient to overcome the immunity given to attorneys under Minnesota law when they act within the scope of their employment. *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012); *Mutua v. Deutsche Bank Nat'l Trust Co.*, Civil No. 11-3761 (PJS/AJB), 2012 WL 1517241, at *6 (D. Minn. Apr. 30, 2012); *Anderson v. State, Dep't of Natural Res.*, 693 N.W.2d 181, 189 (Minn. 2005) ("Negligence per se is a form of ordinary negligence that results from violation of a statute."). The Court also dismisses the Quales' slander of title claim because they failed to plead that WGC acted with a reckless disregard for the truth. *See Dunbar*, 709 F.3d at 1257-58.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. WGC's Motion to Dismiss [Docket No. 4] is GRANTED.
2. Aurora and MERS's Motion to Dismiss [Docket No. 10] is GRANTED.
3. The Complaint is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 20, 2013

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge